## White et al. *versus* Williamson et al.

2ₐ 249
161. 646
2 G 249
d 28 SC ³464

1. Where a will gives executors plenary power to sell, their deed is conclusive evidence of a sale under the power, and vests the title to the land in the purchaser.

2. An *ouster* of one tenant in common by his co-tenant, is not to be presumed, but must be evidenced by some unequivocal act or acts irreconcilable with joint tenure.

3. A deed to A., "for the use of the wife and children of B., conveys a life estate to the wife of B., with remainder to her children; and the children take as a class, and not individually, embracing children in *esse*, and those thereafter born.

4. The presumption, in cases of conveyances by will or deed, from an ancestor to his descendants, which are gifts, not sales, always is, that they are made in

[White et al. *v.* Williamson et al.]

view of the intestate laws, and consequently, those nearest of kin are to be preferred, unless the words of the will or gift forbid such a construction.

ERROR to the Court of Common Pleas of *Armstrong county.*

This was an action of ejectment for 727$\frac{1}{10}$ acres of land, in South Buffalo township, Armstrong county, Pennsylvania. The land was patented to William Todd, on the 16th day of September, 1786, and it appears, was held by William and David Todd, as tenants in common, until about the year 1811 or 1812, when it seems, the title to the whole tract was vested in Jacob Weaver. On the 10th day of July, 1817, Jacob Weaver entered into a contract to sell the undivided half of said tract to Henry Smith Weaver, for the sum of $700, which sum, it appears from the receipts on the contract, was fully paid; and on the 6th day of June, 1818, Jacob Weaver, in pursuance of said contract, made a deed to Henry Smith Weaver, for the land aforesaid. This deed was recorded in Armstrong county, on the 20th day of April, 1830. Henry Smith Weaver took possession of the land in the year 1817, and continued therein until his death in 1834, or about that time.

The plaintiffs claim under Henry Smith Weaver. Emily White and Louisa Logan, two of the plaintiffs, are daughters of Henry Smith Weaver, deceased. Henry Smith Weaver was a son of Henry A. and Mary M. Weaver. The latter survived her husband, and this suit was originally brought against her; but she having died pending the same, her heirs, the present defendants, were substituted. Mary M. Weaver had six children, part of whom are living, and those that are dead leave issue surviving them.

The plaintiffs claim to recover in the first place, the one undivided half of the land in dispute, as heirs of Henry Smith Weaver, deceased; and in the second place, they claim the one undivided seventh of the other half of said land under the declaration and deeds of trust exhibited in evidence by the defendants, conveying the land "for the use of the wife and children of Henry A. Weaver." This latter claim is based upon the position, that by the aforesaid declaration and deeds of trust from Jacob and Benjamin F. Weaver to Mary M. Weaver and her children, the said Mary M. Weaver and Henry Smith Weaver, were tenants in common of the land in dispute, and that she ousted the said Henry Smith Weaver, and he or those who represent him, are entitled to recover their moiety in this ejectment.

The defendants claim the whole land under Mary M. Weaver, in whom it is alleged the title was vested at her death, she having derived the title in the following manner: 1st. By means of the Statute of Limitations. 2d. As to the one-half, by means of a declaration and certain deeds of trust from Jacob and Ben-

jamin F. Weaver; and as to the other half, by means of a deed from the executors of Henry Smith Weaver to Mary M. Weaver, dated 20th July, 1836.

The plaintiffs answer to this defence was, that under the facts of this case, the Statute of Limitations did not protect the defendants. 1st. Because Mary M. and Henry Smith Weaver, were tenants in common. 2d. That Mary M. Weaver, having accepted and recorded the declaration and deed of trust from Jacob and Benjamin F. Weaver, as also the deed from the executors of Henry Smith Weaver, in which deeds, the character of her occupancy, and the rights of both the parties were clearly fixed and defined; therefore she, and those who represent her, are estopped from claiming, inconsistent with her recorded title. The plaintiffs further contended that the deed from the executors of Henry Smith Weaver to Mary M. Weaver, dated 20th July, 1836, was invalid, inasmuch as the executors had no power to make such a deed. And lastly, the plaintiffs contended, that under the declaration and trust deeds aforesaid, Mary M. and Henry Smith Weaver, were tenants in common, (of the one-half of said lands.) And that she having ousted him, he or his heirs were entitled to-recover his moiety in ejectment.

The court (M'CALMONT, J.,) held the deed from the executors of Henry Smith Weaver valid, to convey to Mary M. Weaver the one-half of said land, and that she was entitled to the other half by virtue of the aforesaid declaration and deeds of trusts, absolutely, and not as tenant in common with her children. The court also took the question of *ouster* from the jury.

The following is an extract from the will of Henry Smith Weaver:

"I do also give my executors full power and authority, if it shall be deemed by them prudent and advisable, to sell the whole or any part of my real estate, (except my mansion-house and lot, during the widowhood of my wife,) if a fair price can be got therefor, and to make out and execute deed or deeds to the purchasers."

The ruling of the court was the error assigned.

*Golden* and *Fulton*, for plaintiffs in error, referred to *Naglee* v. *Ingersoll*, 7 Barr, 185.

*Cantwell*, *M'Culloch* and *Fullerton*, for defendants in error.

The opinion of the court was delivered, November 22, 1858, by

STRONG, J.—Numerous errors have been assigned to this record, but the view which we take of the case, renders a separate discussion of each unnecessary. We are of opinion, that the title to that moiety of the land in dispute, which was con-

[White et al. *v.* Williamson et al.]

veyed by Jacob Weaver to Henry S. Weaver, became duly vested in the defendant, by deed of the executors of the will of Henry S. Weaver. The will gave to the executors plenary power to sell, and their deed was conclusive evidence of a sale under the power. Whatever interest, therefore, Henry S. Weaver had at the time of his death in that moiety, was divested by that conveyance. It is strenuously urged, however, that the deed on its face, shows that it was not an execution of the power given in the will, and that the testimony in the cause, establishes that the executors received no consideration for the conveyance. This deed is a deed of bargain and sale. It recites an indebtedness of the testator to the grantee, in the sum of $500; an agreement by Mary M. Weaver, to accept the land in payment of the debt, and also an additional pecuniary consideration of $100, paid by her, and in consideration thereof, conveyance of the land. The plaintiffs now, after the lapse of nineteen years, attempt to show, that in reality there was no debt due. The only evidence to sustain their allegation, is in the testimony of one of the executors, who joined in the execution of the deed, and it comes far short of what is necessary. That witness proves, that he saw no written evidence of the debt exhibited by the grantee at the time the deed was made; but he proves also, that such an indebtedness was asserted by Mrs. Weaver, and that her assertion was supported by Jacob Weaver, who claimed to have placed the money in the testator's hands for her. All this, instead of disproving the debt, was considerable evidence of its existence. What was exhibited to his co-executors, of course the witness could not know, and they were not called. But were there nothing more, the compromise of a doubtful debt was a sufficient consideration. The court below was therefore right in ruling that the power was well executed, and the deed was operative to vest in Mrs. Weaver an undivided half of the land.

Then what title did the plaintiffs show to the other half? Their father, through whom they claimed, was a son of the defendant. Their claim is, that at the time of his death, he was a tenant in common with his mother, and that she had ousted him of the possession. We discover no evidence in the case from which the jury would have been warranted in finding an ouster, even if Mrs. Weaver and her son, were tenants in common. An ouster of one tenant in common by his co-tenant is not to be presumed. It must be evidenced by some unequivocal act or acts, irreconcilable with joint tenure. We have sought in vain through this record for any such evidence. This is all that is needed to warrant an affirmance of the judgment.

But it is by no means clear, that Henry S. Weaver and his mother, were tenants in common of the land. The title to this

remaining moiety had been in Jacob Weaver.   On the 20th of August, 1811, he executed a covenant to stand seised of it to uses, or rather, a declaration of trust, for the use of Mary M. Weaver and her children.   The declaration recited as its consideration, that Peter Horbach, the father of Mrs. Weaver, had deposited with the covenantor, to be laid out in land, the sum of $400, for the use of the wife and children of Henry A. Weaver, the husband of Mrs. Weaver.   Subsequently to this declaration of trust, Jacob Weaver conveyed this moiety of the land to Benjamin F. Weaver, who by deed, dated October 4, 1830, declared that he held the same in trust for Mary M. Weaver and her children and their heirs.   This last declaration recited as its consideration the payment of one dollar by Mrs. Weaver.

We need not stop to prove that the deed of Benjamin F. Weaver, neither added to, nor diminished the interest which the defendant had under the first declaration of trust made by Jacob Weaver.   Under that declaration, what interest did she take? Was it a life estate, with remainder to her children, or was it a tenancy in common with them?   The court below thought it was the former, and so instructed the jury.   We incline to concur in that opinion.   Under that declaration, the children take as a class, not individually.   The grant is not to the children then *in esse*, but it embraced those after born.   It was a gift of a father for the benefit of his descendants.   If the time of the distribution was the date of the gift, then after-born children must have been excluded; for, where a gift is to a class, the rule is, that the time of distribution defines the individuals who constitute the class.   But if the word "children" is to be regarded as a word of purchase, and not of limitation, as doubtless it is, it is difficult to suppose that the intent of the donor, was to give to the mother and the children, *then living*, an undivided fee simple in the land, to each an equal interest.   Yet such must have been the effect of the grant, if the construction for which the plaintiffs contend be correct.   The presumption always is, in cases of conveyances by will or deed, from an ancestor to his decendants, which are gifts, not sales, that they were made in view of the intestate laws, and consequently those nearest in kin are to be preferred, unless the words of the will, or gift, forbid such a construction.   Peter Horbach, gave the money for Mrs. Weaver and her children.   The title to the land follows the money which purchased it.   We think, therefore, that under the gift of her father, and the original declaration of trust by Jacob Weaver, Mrs. Weaver took a life estate in one moiety of the land, with remainder to all her children then born, and that might thereafter be born.   The plaintiffs had consequently no right to possession during the life of Mrs. Weaver.

[Baker *v.* King.]

This disposes of the whole case, and relieves us from saying more than that none of the errors assigned are sustained.

Judgment affirmed.