## McCullough, Appellant, *v.* Seitz.

*Appeals—Assignments of error—Objections to testimony.*

An assignment of error to the effect that "the court erred in permitting counsel for the defendant to repeatedly ask his own witness leading questions." is without merit where it appears that the plaintiff has printed in

connection with this assignment four pages of questions and answers which he permitted to proceed without objection.

An assignment of error to the admission of testimony, which does not contain in connection with the specification what, if any, testimony was given under the exception, will not be considered.

*Statute of limitations—Trespass—Waters—Water course—Trust and trustees—Deed.*

Where a deed conveys land to a trustee in trust to pay the income to the wife and children of the grantor's son, and upon the death of the son to the widow and children of the son, and upon the death of the widow the principal to vest in the son's children, the children have an equitable estate in the land prior to the death of their father, against which the statute of limitations will begin to run in favor of an adverse user begun prior to the death of the father; and the statute having commenced to run against the equitable title will continue to run against any estate in remainder which becomes vested in the children by the grant upon which the whole estate depended.

Argued March 14, 1905. Appeal, No. 14, March T., 1905, by plaintiff, from judgment of C. P. Cumberland Co., Sept. T., 1898, No. 290, on verdict for defendant in case of Brady McCullough v. Jacob Seitz. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER and HENDERSON, JJ. Affirmed.

Trespass to recover damages for injury alleged to have been caused by discharge of water on land. Before E. W. BIDDLE, P. J.

The facts are stated in the opinion of the Superior Court.

Plaintiff presented these points:

1. That if the jury find that the waters falling upon the land of Seitz or flowing from the spring rising thereon, or that the waters falling on adjacent and adjoining lands which gathered on the lands of the defendant, would have flown if permitted to run naturally over his (Seitz) land but not upon that of McCullough, and that they were conducted to the latter by means of a ditch dug on the land of Seitz and under the fence dividing the farms of plaintiff and defendant and injury has been caused in consequence to the lands and crops of McCullough, he is entitled to a verdict for the amount of the damage which the evidence shows has been suffered by him. *Answer:* This point is affirmed unless you also find that the water from the Seitz farm has passed through such a ditch on to the Mc-Cullough farm for the period of twenty-one years prior to the

bringing of this suit, viz.: Since August 19, 1877. If the water has so passed during the said period, then the plaintiff has now no right to have its course changed or to recover any damages in this action.

2. That under the provision in the deed of Samuel McCullough to Brady, the plaintiff in this action and his brothers and sisters did not have right of entry upon or title to the land on which it is claimed the defendant has committed the trespass complained of until the date of the death of John McCullough which occurred on February 3, 1884. *Answer :* Possession by the trustee under the deed of May 8, 1847, was possession by and on behalf of the cestuis que trust specified in said deed. This point is therefore refused. [3]

3. That the right of entry of the plaintiff, and of those who were his grantors to the land on which the trespass complained of was alleged to have been committed did not accrue until February 3, 1884, and as the action in this case was begun August 19, 1898, the defendant cannot excuse himself under the statute of limitations. *Answer :* This point is refused. See Smilie v. Biffle, 2 Pa. 52 ; Warn v. Brown, 102 Pa. 347. [4]

6. If the jury find that the defendant has by means of a ditch or drain turned waters from his lands on to those of McCullough, the plaintiff, and the latter has suffered damage in consequence thereof, he is entitled to recover the amount of such damage. *Answer :* This point is affirmed, unless as previously said in answer to the first point, you find that said waters from the Seitz farm have passed through such a ditch or drain on to the McCullough farm for a period of twenty-one years prior to the bringing of this suit, viz.: since August 19, 1877. [5]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (3 to 8) above instructions quoting them.

*A. G. Miller,* for appellant.—A question is leading, and should not be allowed, when it is expressed in such a manner as to indicate to the witness the answer which he is desired to make ; and the court will disregard the answer of a witness to a leading question : Susquehanna, etc., R. R. & Coal Co. v. Quick, 61 Pa. 328, 340 ; Snyder v. Snyder, 6 Binn. 483 ; Bowman v. Bowman, 1 Pears. 465.

The last clause in this trust is either a contingent gift to the heirs at law of the said John designed to take effect by way of substitution, not as postponing the interests previously given to the children, or else it may be an alternative limitation: Chew's App., 37 Pa. 23, 29; Taylor v. Taylor, 63 Pa. 481, 488; Letchworth's App., 30 Pa. 175; Passmore's App., 23 Pa. 381.

The law favors the vesting of estates and at the earliest possible moment of time; and in case of doubt or mere probability, it declares the interest vested: Smith's App., 23 Pa. 9: Burd v. Burd, 40 Pa. 182: Womrath v. McCormick, 51 Pa. 504; Letchworth's App., 30 Pa. 175; McCall's App., 86 Pa. 254.

The statute of limitations does not apply: Gernet v. Lynn, 31 Pa. 94; Ege v. Medlar, 82 Pa. 86; Wolford v. Morgenthal, 91 Pa. 30.

*Conrad Hambleton*, with him *John W. Wetzel*, for appellee.— The allowance of a leading question is within the discretion of the court, and not the subject of a writ of error: Farmers' Mutual Fire Ins. Co. v. Bair, 87 Pa. 124; Gantt v. Cox, 199 Pa. 208; Com. v. Wickett, 20 Pa. Superior Ct. 350.

It seems quite clear that under the terms of the deed of Samuel McCullough and wife, to Hugh Brady the remainder to the children of John McCullough is contingent upon their surviving the said John and his wife, for the grantor specifically provides that in the event of their not so surviving, the land is to go, not to the heirs of the said children, but to the heirs of the said John agreeable to the intestate laws of Pennsylvania. The intent of the grantor as expressed in the habendum is unmistakable and satisfies in every particular the requirements of a contingent remainder as defined above.

When the trustee holds for the remainder-man as well as the life tenant, adverse possession commenced against the trustee runs against the successive cestui que trust.

It is the contention of the appellee, however, that it is immaterial to a right determination of this case whether the remainder to the children of John McCullough was contingent or vested: Smilie v. Biffle, 2 Pa. 52; Maus v. Maus, 80 Pa. 194; Warn v. Brown, 102 Pa. 347.

*A. G. Miller*, for appellant, in reply.—The trust held by Hugh Y. Brady and his heirs under the deed of May 8, 1847, was terminated at the death of John McCullough. Hugh Y. Brady was trustee for the life tenants only, and not for the remainder-men, to pay over the rents, issues and profits to the life tenant or tenants to which the children had no right, except as they benefited in them through their parents: Cressler's Estate, 161 Pa. 427, 433; Mazurie's Estate, 132 Pa. 157; Sharp v. Long, 28 Pa. 433.

OPINION BY PORTER, J., July 13, 1905:

The plaintiff seeks to recover damages for injuries alleged to have been sustained by his farm by a discharge of water upon it from a living spring, and through a drain located upon the defendant's adjoining land, and by the diversion through said drain of the natural flow of the surface water. The plaintiff produced evidence tending to establish that the natural flow of the water had been changed through the construction by the defendant of the drain in question, about the year 1884 or 1885. The defendant replied to this by producing evidence that the water flowed in its natural course, that there had been no change in the drain since the time he acquired title, and that it had been maintained in its present position and condition for more than twenty-one years prior to the commencement of this action. The action was commenced August 19, 1898. The defendant asserted a right to have the water flow in its present channel, acquired by twenty-one years continuous adverse user prior to that date. The court submitted the question arising under the statute of limitations to the jury, and there was a finding in favor of the defendant.

The first assignment of error, " That the court erred in permitting counsel for the defendant to repeatedly ask John Sener, his own witness, leading questions," is without merit. We have printed in connection with this assignment four pages of questions and answers, which the plaintiff permitted to proceed without objection. The plaintiff having permitted the examination to proceed in this manner without objection, it was not a case requiring the interference of the court below. The only question to which an objection was overruled by the court and an exception taken by the plaintiff was the last one

printed in connection with the specification of error: "Q. Was or was not this drain there when John Seitz moved there?" The specification as printed in the paper-book shows that the court overruled an objection to the question, to which ruling an exception was noted, but the appellant does not print in connection with the specification of error what, if any, testimony was given under the exception.

The remaining specifications of error relate to the application of the statute of limitations under the evidence in the case. The plaintiff contends that, as against him and his brothers and sisters whose title he has acquired, the statute did not begin to run until the death of John McCullough, on February 3, 1884. This contention is founded in the nature of the estate which plaintiff and the other children of John McCullough took under the deed of Samuel McCullough and wife to Hugh Y. Brady, his heirs and assigns, in consideration of the sum of $1.00, and the uses and trusts therein expressed, dated May 8, 1847, the material provisions of which are as follows: " Provided, however, that the said Hugh Y. Brady and his heirs shall hold, possess and enjoy the aforesaid real estate in trust for the following uses and purposes, to wit: the rents, issues and profits of the said real estate shall be applied annually to the maintenance and support of the wife and child or children of John McCullough, including the children if any that may hereafter be born as well as the child now born, during the life of the said John McCullough, and at the death of said John McCullough, the rents, issues and profits aforesaid shall be applied annually to the maintenance and support of the widow of the said John McCullough, should he leave a widow surviving him, and to the maintenance and support of the children of the said John McCullough during the life of such widow and at her death the aforesaid real estate to vest in fee simple in the then surviving children of the said John as tenants in common, and in default of children living at the death of said widow the aforesaid real estate to vest in fee simple in the heirs of the said John, agreeably to the intestate laws of Pennsylvania. But should the said John die leaving children but no widow surviving him, then the aforesaid real estate to vest in fee simple in his surviving children as tenants in common. And should the said John die leaving neither widow nor chil-

dren surviving him then the said real estate to pass to and vest in fee simple in the heirs at law of the said John agreeably to the intestate laws of Pennsylvania."

This deed, so far as the questions material to this case are concerned, interprets itself. The legal estate in fee was vested in Hugh Y. Brady, and the provisions of the trust as to who should take the rents, issues and profits, during the life of John McCullough and that of his widow in case she survived him, left nothing to construction. The grant of the equitable estate was not to the wife for the support of herself and children, nor was it to her for life, with remainder to her children, and the estate which the children acquired under the terms of this grant was essentially different from those considered in Wolford v. Morgenthal, 91 Pa. 30 ; White v. Williamson, 2 Grant, 249, and Hague v. Hague, 161 Pa. 643. This deed fixes the time and manner in which the rents, issues and profits are to be distributed. They are to be applied " annually to the maintenance and support of the wife or child or children of John McCullough, including the children, if any, that may hereafter be born, as well as the child now born, during the life of the said John McCullough, and at the death of the said John McCullough, the rents, issues and profits aforesaid shall be applied annually to the maintenance and support of the widow of the said John McCullough, should he leave a widow surviving him, and to the maintenance and support of the children of the said John Mc-Cullough during the life of such widow." We have here an express provision for an " annual " application to the maintenance and support of the wife and children, and that the children shall participate in the enjoyment of the rents, issues and profits " during the lifetime of such widow." This grantor left nothing to inference, the equitable life estate vested in the wife and child living at the date of the grant, which expressly provided that that estate should open to let in after-born children. Whether, in case of the death of the wife, the estate would have opened to let in a future wife, who subsequently became a surviving widow, it has not become necessary to consider. The plaintiff had from the day of his birth title to an equitable estate in this land, which gave him the right of present enjoyment of its rents, issues and profits, and the same is true of the brothers and sisters

whose deeds have given him title to the entire tract. The only effect of the death of the wife during the lifetime of John McCullough was to increase the share of each of the children in the rents, issues and profits. The plaintiff and his grantors were, after the death of their mother in 1882, seized and in possession of the entire equitable life estate, dependent upon the life of John McCullough, but the death of the mother did not change the character of the estate, although each child became entitled to a larger proportion of the revenue. When John McCullough died, in 1884, the legal and equitable titles coalesced, but the land was the same in which the plaintiff and his grantors had for many years an equitable interest which entitled them to a present enjoyment of its rents, issues and profits.

We do not deem it necessary to consider whether the estate of the children in the remainder, dependent upon the life of John McCullough, was contingent or vested. Whether the ultimate remainder was contingent or vested, the plaintiff and his brothers and sisters whose interests he has acquired, were at the time the statute began to run seized of an equitable estate in the land which gave them, either by themselves or their trustee, the right of present possession, and also the right to recover that possession as against an intruder, and they might have compelled the trustee to enter if necessary to bar the statute: Stump v. Findlay, 2 Rawle, 168 ; Findlay v. Riddle, 3 Binney, 139 ; Baldridge v. McFarland, 26 Pa. 338 ; Smilie v. Biffle, 2 Pa. 52 ; Maus v. Maus, 80 Pa. 194 ; Warn v. Brown, 102 Pa. 347. The statute having commenced to run against the equitable title of the plaintiff would continue to run as against any estate in remainder which had in him been vested by the grant upon which the whole estate depended.

The judgment is affirmed.