# Hague et ux., Appellants, v. Hague et al.

[Marked to be reported.]

| 161 | 643 |
|-----|-----|
| 208 | ¹ 20 |
| 161 | 648 |
| ¡211 | ¹376 |
| 161 | 643 |
| 28 SC | 464 |
| 161 | 643 |
| 34 SC | 167 |

*Will—Devise to a daughter and her children—Life estate—Remainder—Bill in equity to quiet title.*

A gift to "Sarah Jane Hague and her children" is a gift of a life estate to the mother with remainder in fee to the children as a class.

In such a case the children born after the death of testator, and living at the death of the mother, participate equally with those born before.

Argued May 9, 1894. Appeal, No. 225, Jan. T., 1894, by plaintiffs, Jeffries Hague and Sarah Jane, his wife, from decree of C. P. Fayette Co., No. 181 in equity, on bill in equity against Torrence L. Hague et al. Before GREEN, WILLIAMS, MC-COLLUM, DEAN and FELL, JJ. Affirmed.

Bill in equity to quiet title.

The bill averred that Sarah Jane Hague is the daughter of James Shoaf, Sr., late of George township, Fayette county, Pennsylvania, deceased; that James Shoaf, Sr., by his last will and testament, dated June 14, 1881, which was duly proved and recorded, directed his executors therein named to deliver

to Sarah Jane Hague "a deed of conveyance for thirty-three acres and one hundred and thirteen perches of land, immediately after the death of his wife, or at any time she may cease to be his widow;" that the deed was dated June 15, 1881, and was in the possession of the testator from its date until his death, which occurred July 3, 1881; and James Shoaf, Sr., in and by this deed, granted and conveyed unto "Sarah Jane Hague and her children" in fee the land in controversy, and which is particularly described therein; that, at the time the deed was executed and acknowledged, Torrence L., Mary M. and Snyder R. Hague were in esse, and that William B., Edward W., Leanna D. and Faith Hague were each born after testator's death.

The prayers of the bill were: (1) For a construction of said will and deed and a definition of the rights and interests thereunder of the parties to the bill. (2) A decree quieting title in said Sarah Jane Hague, Torrence L., Mary M., and Snyder R., and declaring that the said William B., Edward W., Leanna D., and Faith have no interest in said real estate or title to the same. (3) That the said William B., Edward W., Leanna D., and Faith may by injunction be restrained from asserting any title to or interest in said land. (4) Further relief.

The answer admitted the facts set forth in the bill and alleged that, under the will and deed of James Shoaf, Sr., Sarah Jane Hague took but a life estate in the tract of land in controversy, subject to the life estate of her mother, Malinda Shoaf, and that the fee passed to all of the defendants and any children which may hereafter be born to Sarah Jane Hague, share and share alike. Plaintiffs filed a general replication and Wm. H. Hogg, Esq., was appointed master to take testimony and report the form of a decree. The master recommended that a decree be made, " that the deed and will of James Shoaf, Sr., convey a life estate in the land in controversy to Sarah Jane Hague, with remainder in fee to the children which are now or may at any future time be born of said Sarah Jane Hague, all of said estate to be subject to the estate granted by the will of the decedent to Malinda Shoaf."

Exceptions by plaintiffs were overruled by the court.

*Error assigned* was to the decree, quoting it.

*W. G. Guiler,* for appellants.—In Chew's Ap., 37 Pa. 28, it was held that where there was an immediate gift to children only those living at the testator's death would take, but where a particular estate is carved out, with a gift over to the children, the rule is otherwise. The court below, in its construction of the conveyance in question, held that the case of Wolford v. Morgenthal, 91 Pa. 30, was not materially different from this. The rule which this court applied in that case does not apply here.

The deed has not the slightest semblance of a testamentary instrument, neither can it be considered as a part of the will. It is a separate, independent writing, and must be construed by its own terms. It has all the requisites of a deed, an absolute conveyance of the land in controversy, and in order to establish the identity of the persons who are intended to be included as the grantees we have only to look to the deed itself, aided by admissions of defendants as to the names of children who were in esse at its execution and acknowledgment : 2 Bl. Com. 296.

If the construction placed on this conveyance by the court below is to prevail, then there will be included as grantees persons who were not in existence at the time the deed was executed or even at the time of its delivery, to wit, at the death of the grantor.

Shirlock v. Shirlock, 5 Pa. 367 ; Miller's Admrs. v. Duncan's Exrs., 2 Pearson, 22 ; Hamilton v. Pitcher, 53 Mo. 334 ; Devlin on Deeds, § 184, note 3, rule this case.

*Samuel Ewing,* for appellee, filed no paper-book.

OPINION BY Mr. JUSTICE GREEN, May 21, 1894 :

Although the grantees in the deed are designated as " Sarah Jane Hague and her children," which if the children were strangers would constitute them all tenants in common, it must be admitted that the weight of authority holds the mother to be only a tenant for life. Shirlock v. Shirlock, 5 Pa. 367, which held the mother and children to be tenants in common, has never been followed, and has been several times questioned and departed from in subsequent cases, and cannot now be regarded as authority.

In Coursey v. Davis, 46 Pa. 25, the subject was fully con-

sidered in an elaborate and exhaustive opinion by Mr. Justice Read, in which the ruling in Shirlock v. Shirlock was distinctly repudiated. The words of the grant in Coursey v. Davis were, " to the said Mildred Ann Davis and her children exclusively, and their heirs and assigns, to have and to hold the premises to the said Mildred Ann Davis and to her children exclusively and their heirs and assigns," and we held that these words vested in Mildred Ann Davis a life estate only, with remainder in fee to her children as a class, so that those in being at the date of the deed, as well as those subsequently born, would be entitled to take in the distribution, on the termination of the life estate at her death. We can see no material difference between the words of the grant in that case and in this.

In White v. Williamson, 2 Grant's Cases, 249, we held that a deed to A " for the use of the wife and children of B," conveys a life estate to the wife of B with remainder to her children ; and the children take as a class, and not individually, embracing children in esse and those thereafter born. Mr. Justice Strong, in the course of the opinion, referring to the declaration of trust, said : " Under that declaration what interest did she take ? Was it a life estate, with remainder to her children, or was it a tenancy in common with them ? The court below thought it was the former and so instructed the jury. We incline to concur in that opinion. Under that declaration the children take as a class, not individually. The grant is not to the children then in esse, but it embraced those after born. It was the gift of a father for the benefit of his descendants. If the time of the distribution was the date of the gift, then after-born children must have been excluded ; for where a gift is to a class, the rule is, that the time of distribution defines the individuals who constitute the class."

In Wolford v. Morgenthal, 91 Pa. 30, the words of the grant were, to trustees named, " in trust for the use and benefit of Margaret Morgenthal and her heirs forever, that is the children, if any, begotten by Frederick Morgenthal ; and her daughter, Elizabeth Wire, is to be made equal, to be for them and their heirs forever, after the decease of Frederick Morgenthal, her present husband." Elizabeth Wire was a daughter of Margaret by a former marriage. Mr. Justice Mercur, deliv-

ering the opinion, said : " The same estate vested in Elizabeth as if she had been begotten in lawful wedlock by Frederick upon the body of Margaret. It therefore follows that the word children is not a word of limitation but a word of purchase : Melsheimer v. Gross, 8 P. F. Smith, 412. What then is the estate taken by Margaret, and by the children respectively, including Elizabeth ? The answer is, the mother took a life estate with remainder in fee to the children as a class. It was a vested remainder in fee in Elizabeth, who was living at the time of the execution of the deed, and opened to let in the after-born children as their births respectively took place." Citing many authorities. In Coursey v. Davis, supra, also, we decided that after-born children were let in until the death of the mother.

It will be perceived that in all the foregoing cases it was held that the mother took only an estate for life and that the children took the fee. And, in determining what children were embraced in these several grants, we held, in all, that the time of distribution was the death of the mother, and that all after-born children up to that time were entitled to participate.

The same rule was held in Haskins v. Tate, 25 Pa. 249, where a testator devised as follows : " I further will that the plantation I bought of my son Robert lying near Hills Mill shall be equally divided amongst my son Robert's children he and them enjoying the benefits of it whilst he lives." We held that children born after the death of testator, and living at the death of Robert, participated equally with those born before. LOWRIE, J., said : " We think this case falls within the rule that on a limitation to a class, which may include persons not yet born, the time of the distribution defines the members that are to constitute the class."

To the same effect is Gernet v. Lynn, 31 Pa. 94.

The foregoing authorities indicate clearly that the decree recommended by the master and adopted by the court below was entirely correct and must be affirmed.

Decree affirmed and appeal dismissed at the cost of the appellants.