# Elliott *v.* Diamond Coal & Coke Company, Appellant.

*Will—Construction—Devise—Fee simple estate—Estate for life.*

Testator directed as follows: "I give devise and bequeath to my daughter . . . . [a farm] . . . . to have and to hold unto my said daughter and her children forever. I also devise and bequeath to my daughter . . . . [another farm] . . . . to have and to hold unto my said daughter and her children forever. I also give to my daughter three hundred and fifty dollars in money." He further devised farms to three of his sons, using in each instance the phraseology: "I give, devise and bequeath to my son . . . . to have and to hold unto my said son, his heirs and assigns forever." *Held*, that the daughter did not take an estate in fee simple, but only an estate for life with remainder in fee to her children as a class.

Submitted Jan. 3, 1911. Appeal, No. 17, Oct. T., 1911, by defendant, from order of C. P. Washington Co., Nov. T., 1910, No. 78, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Ruth J. Elliott v. Diamond Coal & Coke Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Assumpsit to recover the price of coal land.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Geo. M. & M. J. Hosack*, for appellant.—We contend that the provisions of the devise are inconsistent, that the first expression, standing alone, gives to Ruth J. Elliott the farm absolutely, but that the habendum restricts the gift so as to make her a tenant in common with

her children. Where the clauses in the will are inconsistent, the true construction would be that the last expression shall govern: Robinson v. Martin, 2 Yeates, 525; Lewis's Est., 3 Whart. 162; Geiger's App., 24 W. N. C. 264; Drinker's Est., 8 W. N. C. 255; German v. German, 27 Pa. 116; France's Est., 75 Pa. 220.

The word "children" is a word of purchase, and not of limitation, and describes the persons who take: Crawford v. Forest Oil Co., 208 Pa. 5; King v. Savage Brick Co., 30 Pa. Superior Ct. 582; Oyster v. Oyster, 100 Pa. 538.

*Andrew M. Linn,* for appellee.—The daughter took a fee simple estate: Tyson's Est., 191 Pa. 218; Smith's App., 23 Pa. 9; Mickley's App., 92 Pa. 514; Lewis's Est., 3 Wharton, 162; Geiger's App., 24 W. N. C. 264; Roberjot v. Mazurie, 14 S. & R. 42.

OPINION BY MR. JUSTICE MOSCHZISKER, February 27, 1911:

This appeal involves the construction of item 4 of the will of Thomas Lilley: "I give devise and bequeath to my daughter Ruth J. Elliott . . . . [a farm] . . . . to have and to hold unto my said daughter and her children forever. I also devise and bequeath to my daughter . . . . [another farm] . . . . to have and to hold unto my said daughter and her children forever. I also give to my daughter three hundred and fifty dollars in money."

The first phrase, "I give devise and bequeath to my daughter," standing alone, might be construed as an absolute gift in fee, but with only the subject of the devise intervening, it is immediately followed in the same sentence by the words, "to have and to hold unto my said daughter and her children forever." The two phrases are parts of the expression of a single idea, and must be read and construed as though the testator had said, "I devise the farm to my daughter and her children forever." On the facts in this case, such a devise, under

the prevailing rules of construction in Pennsylvania, is a gift of a life estate to the mother with remainder in fee to the children as a class: Hague v. Hague, 161 Pa. 643; Estate of Mary Catherine Vaughan, 230 Pa. 554. The authorities are collated in Hague v. Hague, supra.

Here, the daughter had children in being at the time of the making of the will, and her husband also was alive. In phrasing the item under consideration, it may well have been the intent of the testator to protect the interests of these grandchildren and to guard against the possibility of his son-in-law's holding the entire real estate therein disposed of as tenant by the curtesy. When we look at the will from its four corners it bears out the thought that the testator did not intend to vest the fee in his daughter. In the items preceding the one in question he devises farms to three of his sons, using in each instance the following language: "I give devise and bequeath to my son . . . . to have and to hold unto my said son, his heirs and assigns forever," thus showing knowledge of correct technical words for the creation of a fee. Therefore the change of phraseology in item 4 has significance as some evidence of a different intent concerning the disposition of the property then in mind.

The last clause, "I also give to my daughter three hundred & fifty dollars in money," should have no controlling effect in construing the preceding devises in the item, since it is entirely distinct from all that goes before. "The word, 'also,' which is prefixed to the sentence, serves, as it most frequently does in wills, to point out the beginning of a new devise or new bequest:" Evans v. Knorr, 4 Rawle, 66. We conclude that the learned court below fell into error in determining that the testator devised the farm in question to Ruth J. Elliott in fee simple.

The assignment of error is sustained and the judgment is reversed with a procedendo.