# Vaughan's Estate.

*Wills—Trusts and trustees—Active trusts—Life estates.*

1. Where a testator, after giving his wife a life estate in all his property and directing that at her decease the property is to be equally divided between his three children, provides "Respecting the one third part to my daughter, I direct that the amount thereof be placed in the hands of my son, as trustee for her and sacredly guard the same for her and her children's sole use and benefit; and account for the same here as he would on that Great Day," the trust is an active one and after the wife's death the daughter is not entitled to her share free of the trust thus created.

2. Where the language employed by a testator in dealing with a bequest to a daughter constitutes a setting aside of part of the fund in question as the daughter's share to be held in trust for her and her children, the daughter takes a life estate with remainder to her children in fee.

Argued Jan. 23, 1911. Appeal, No. 337, Jan. T., 1910, by Lillian Vaughan Nixon, from decree of O. C. Phila. Co., April T., 1910, No. 202, dismissing exceptions to adjudication in Estate of Mary Catharine Vaughan, deceased. Be-

fore FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ.   Affirmed.

Exceptions to adjudication.   Before LAMORELLE, J.
The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing exceptions.

*Frederick J. Geiger*, with him *David Lavis*, for appellant, cited: Hague v. Hague, 161 Pa. 643; Peale's Est., 31 W. N. C. 551; Lewis's App., 108 Pa. 133; Heck's Est., 170 Pa. 232; Pennock's Est., 20 Pa. 268; Shirlock v. Shirlock, 5 Pa. 367; Fales v. Currier, 55 N. H. 392; Yost v. McKee, 179 Pa. 381; Sheetz's App., 82 Pa. 213; Rodrigue's App., 22 W. N. C. 358; Martin's Est., 1 Pa. Dist. Rep. 167; Schwab's Est., 22 Pa. C. C. Rep. 218; Wilson v. Bryn Mawr Trust Co., 225 Pa. 139.

OPINION BY MR. JUSTICE MOSCHZISKER, February 27, 1911:

Robert H. Vaughan died March 14, 1899.  By his will dated December 15, 1896, he provided, inter alia, as follows: "I . . . . do hereby devise, . . . . all of the property and estate I am possessed of, . . . . to my dearly beloved wife, Mary Catharine Vaughan during her life. At her decease the same to be equally divided between my three children Thomas Vaughan, Lillian Vaughan Nixon‧ and Charles Vaughan.  Respecting the one-third part to my daughter Lillian Vaughan Nixon, I direct that the amount thereof be placed in the hands of my son Thomas Vaughan, as trustee for her and sacredly guard the same for her and her children's sole use and benefit, and account for the same here as he would on that Great Day."  The record shows that the daughter, Lillian Vaughan Nixon, had several children living at the date of her father's will.

The widow died December 18, 1908, and her executors accounted for the fund held by the decedent as life tenant under the will of her husband.  Lillian Vaughan Nixon

claimed a one-third share in this fund free of the trust mentioned in her father's will. The auditing judge held that the will created an active trust and awarded the third in question "to Thomas Vaughan in trust for Lillian Vaughan Nixon for the uses and purposes declared by the will of Robert H. Vaughan." The award was subsequently sustained by the court in banc, and Lillian Vaughan Nixon filed this appeal.

The fund is distributable under the terms of the will of Robert H. Vaughan: Reiff's App., 124 Pa. 145. But the question is, Should the one-third claimed by Lillian Vaughan Nixon have been awarded directly and absolutely to her, or was it properly awarded to Thomas Vaughan, trustee? The language employed by the testator in dealing with the bequest to his daughter constitutes a setting aside of one-third of the fund in question as the daughter's share to be held in trust for her and her children. Under the law as established in Pennsylvania this gave the parent a life estate with remainder to her children in fee. The authorities on this subject are collated in Hague v. Hague, 161 Pa. 643. Also see Elliott v. Diamond C. & C. Co., ante, p. 423. It is true that the bequests to the two sons are absolute gifts and that if no language had been used to differentiate the bequest to the daughter, that also would have been absolute. But the testator, immediately after naming his three children, particularly provides that his daughter's one-third shall be held in trust and that the duty of the trustee shall be to "sacredly guard the same for her and her children's sole use and benefit, and account for the same." The manifest intent of the testator was to prevent the property going directly into the control of his daughter, and to put its management in the trustee to preserve the remainders vested in her children. Such a trust is an active one: Mooney's Est., 205 Pa. 418.

Rodrigue's App., 22 W. N. C. 358, relied upon by the appellant, in no sense rules the case at bar. There, after a devise to a daughter in fee, the testator executed a codicil

in which he directed that the share should be held in trust to apply the income to "her personal use, support and benefit from time to time as she may have need and require when by her demand in writing for herself and her children." The bequest was not to the "daughter and her children." It was for "her use and benefit," the trustee to pay as "she might need and require," and we held the trust to be a dry one, saying, "the trustees have no functions except merely to apply all the proceeds and profits of the estate to the personal use of the appellant as she might require them."

The assignments of error are all overruled and the decree of the court below is affirmed at the cost of the appellant.