## Hoopes's Estate.

*Will—Construction—Trusts and trustees—Active trust—Limitation over—Restriction on prior gift.*

1. If a testator in one part of his will gives to a person an absolute interest, and in subsequent passages unequivocally shows that he means the devisee or legatee to take a lesser interest only, the prior gift is restricted accordingly.

2. The rule of construction which limits the death of the first taker to the testator's lifetime is adopted in aid of what is conceived to be the general intent of a will, but it is never applied where the beneficiary is expressly treated as living at a period subsequent to the death of the testator.

3. Testatrix provided as follows: "I give, . . . . absolutely unto my grandchildren Lewis and Emily, one-half of my estate . . . . to be equally divided between them." Immediately after this in the same sentence she appointed a person, subsequently named in the will as executor, "guardian of my said grandchildren until they respectively arrive at the age of twenty-five years," the guardian "to pay said principal sum to them on his or her arrival at that age respectively." The will then proceeded: "In case of the death of one or both of my said grandchildren before attaining the age of twenty-five years without issue, the share of such deceased grandchild shall revert to my estate, but in case of the death of one or both of said grandchildren before attaining the age of twenty-five years leaving issue the child or children of such deceased parent shall receive the share of his, her or their parent. I hereby direct that said guardian shall use the income of said one-half of my estate for the maintenance, support and education of my said grandchildren and I direct that they shall be educated in a proper manner and if the income . . . . shall not be sufficient . . . . I direct that sufficient amount of principal shall be used for said purpose which amount of principal shall be deducted from their one-half of my estate. . . . It is my desire and I hereby authorize and direct my executor to sell and dispose of all my real and personal estate . . . . whenever said executor shall deem it prudent to do so. . . . I direct that the proceeds of such sales and the remainder of my estate be invested by my executor." *Held*, that the granddaughter took an equitable estate in fee, absolute and indefeasible upon her attaining the age of twenty-five years, but determinable by her death prior to that time.

Argued Jan. 13, 1911. Appeal, No. 343, Jan. T., 1910,

by Emily Hoopes, from decree of O. C. Phila. Co., April
Term, 1901, No. 693, dismissing exceptions to adjudica-
tion in Estate of Martha E. Hoopes, deceased.   Before
FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and
MOSCHZISKER, JJ.   Affirmed.

Exceptions to adjudication.
The opinion of the Supreme Court states the case.

*Errors assigned* were in dismissing exceptions to adjudi-
cation.

*Wm. B. S. Ferguson*, for appellant.—Appellant con-
tends that this is a present gift of the principal, and the
other provisions are intended to postpone payment, only,
that such postponement is illegal and that the bequest
is presently payable: Reed v. Buckley, 5 W. & S. 517;
Roberts' App., 59 Pa. 70; Provenchere's App., 67 Pa. 463;
Reed's App., 118 Pa. 215; Rewalt v. Ulrich, 23 Pa. 388;
Wengerd's Est., 143 Pa. 615; Morrison v. Truby, 145 Pa.
540; Fulton v. Fulton, 2 Grant (Pa.), 28; Mickley's App.,
92 Pa. 514; McAlpin's Est., 211 Pa. 26; Siegwarth's Est.,
33 Pa. Superior Ct. 622; Neubert v. Colwell, 219 Pa. 248;
Smith's Est., 226 Pa. 304; Kerr v. Bosler, 62 Pa. 183;
Page's App., 71 Pa. 402; Blease v. Burgh, 2 Beaven, 221;
Safe Dep. & Trust Co. v. Wood, 201 Pa. 420; Reed's App.,
118 Pa. 215; Jamieson's Est., 34 Pa. C. C. R. 417; Phillips'
Est., 205 Pa. 511.

*Ruby R. Vale*, for appellee.—General rules of construc-
tion as to the meaning of particular words of a will must
bend to the intention of the testatrix as gathered from the
entire will and not as gathered from a particular sentence
or paragraph contained therein: Provenchere's App., 67
Pa. 463; Woelpper's App., 126 Pa. 562; Dean v. Winton,
150 Pa. 227; Sheets' Est., 52 Pa. 257; Krebs' Est., 184 Pa.
222; Shower's Est., 211 Pa. 297.

A reading of the entire will discloses that an active trust

with gift over has been created by the testatrix for the benefit of Emily Hoopes for a definite period: Harbster's Est., 133 Pa. 351; Sheets' Est., 52 Pa. 257; Eshbach's Est., 197 Pa. 153.

The active trust thus created must be sustained in order to protect the interest of those in remainder: Sheets' Est., 52 Pa. 257; Mooney's Est., 205 Pa. 418.

The gift over should be sustained as an executory devise for the same purpose: Eichelberger v. Barnitz, 9 Watts, 447; Kelso v. Dickey, 7 W. & S. 279; McCullough v. Fenton, 65 Pa. 418; Stoner v. Wunderlich, 198 Pa. 158.

OPINION BY MR. JUSTICE MOSCHZISKER, April 10, 1911:

The testatrix provided: "I give, . . . . absolutely unto my grandchildren, Lewis E. Hoopes, Jr., and Emily Hoopes one-half of my estate . . . . to be equally divided between them." Immediately after this in the same sentence, she appoints a person, subsequently named in the will as executor, "guardian of my said grandchildren until they respectively arrive at the age of twenty-five years," the guardian "to pay said principal sum to them on his or her arrival at that age respectively." The will then proceeds: "In case of the death of one or both of said grandchildren before attaining the age of twenty-five years without issue, the share of such deceased grandchild shall revert to my estate, but in case of the death of one or both of said grandchildren before attaining the age of twenty-five years leaving issue the child or children of such deceased parent shall receive the share of his, her or their parent. I hereby direct that said guardian shall use the income of said one-half of my estate for the maintenance, support and education of my said grandchildren and I direct that they shall be educated in a proper manner and if the income . . . . shall not be sufficient . . . . I direct that sufficient amount of principal shall be used for said purpose which amount of principal shall be deducted from their one-half of my estate. . . . It is my desire and I hereby authorize and direct my executor to sell and

dispose of all my real and personal estate . . . . whenever said executor shall deem it prudent to do so . . . . I direct that the proceeds of such sales and the remainder of my estate be invested by my executor."

Upon a former audit, the other one-half of the estate was awarded under the will to a son of the testatrix, absolutely and free of trust. The grandchildren were then minors, and their interests were not passed upon. Emily Hoopes, one of these grandchildren, is now of full age. At the audit of the present account she claimed that upon reaching her majority she was entitled to her share absolutely and free of trust; contending that the provisions of the will postponing the payment of the principal were void, and that the limitations ·over were only intended as substitutionary bequests in the event of her death during the life of the testator. The court below held that the will created a valid trust for this share until she should reach the age of twenty-five years, and awarded the principal to the trustee named in the will. Emily Hoopes has taken this appeal and assigns the award for error.

The first clause of the will standing alone would give each of the grandchildren a fee simple absolute, but what follows makes it clear that the testatrix did not so intend. "A will must be construed as an entirety, so that, if possible, every part of it may take effect. Hence, the independent meaning of one provision must often be modified by reading it in connection with the others. . . . It may be that if the first clause . . . . stood alone, it would give a fee simple . . . . absolute . . . . But . . . . the testator has declared in effect that such was not his intention. No principle is better settled than that if a testator in one part of his will give to a person . . . . an absolute interest . . . . and in subsequent passages unequivocally shows that he means the devisee or legatee to take a lesser interest only, the prior gift is restricted accordingly. Subsequent provisions will not avail to take from an estate previously given, qualities that the law regards

as inseparable from it, as, for example, alienability; but they are operative to define the estate given, and to show that what without them might be a fee, was intended to be a lesser right:" Sheets' Est., 52 Pa. 257; Krebs' Est., 184 Pa. 222; Shower's Est., 211 Pa. 297; Elliott v. Diamond Coal & Coke Co., 230 Pa. 423.

The shares in question are placed in trust until the grandchildren shall respectively attain a given age. The trust is an active one: Mooney's Est., 205 Pa. 418. "An active trust may be created as a protection to the beneficiary because of his inexperience, . . . . inability to manage his estate, or for any other purpose, not illegal, which the benefactor may deem wise or expedient:" Spring's Est., 216 Pa. 529. It is apparent that the testatrix considered it inexpedient to turn over to her grandchildren the principal of the shares bequeathed to them until they should reach the age of twenty-five years; she, therefore, placed these shares in the control of a trustee, vesting in him the power to make investments, which of necessity included the right to reinvest the principal from time to time during the running of the trust: Eshbach's Est., 197 Pa. 153. She further directs the trustee to use the income for the maintenance, support and education of her grandchildren, with discretionary power to consume principal for these purposes. It would be difficult to find a trust where the necessity for the control of the fund to carry out the intent of the testator was more apparent. In the words of Mr. Justice GREEN, in Harbster's Est., 133 Pa. 351, "It is very clear, indeed, to us that the trust reposed in the executors is an active trust, which makes it necessary at all times for them to have possession of the fund until it is ultimately paid over to the persons entitled to the principal."

The present case is not within the line of authorities which rule that, where there is no limitation over or other lawful purpose to be served, a provision postponing the payment of an absolute bequest is void. Nor does it fall within the class of cases governed by the rule that a limita-

tion over upon the death of the first taker will be construed to mean death within the lifetime of the testator. Here, first, not only are there limitations over, but, as we have already shown, there is an active trust to fulfill a lawful purpose; next, it is plain that the testatrix contemplated that her grandchildren would survive her, otherwise she would not have made such specific provision for the care of their estates and for their respective maintenance and education until a certain age. The rule of construction which limits the death of the first taker to the testator's lifetime is adopted in aid of what is conceived to be the general intent of a will, but it is never applied where the beneficiary is expressly treated as living at a period subsequent to the death of the testator: Stoner v. Wunderlich, 198 Pa. 158, 164.

We construe the will to vest in the appellant an equitable estate in fee, absolute and indefeasible upon her attaining the age of twenty-five years, but determinable by her death prior to that time: Kelso v. Dickey, 7 W. & S. 279; McCullough v. Fenton, 65 Pa. 418.

The assignments of error are overruled and the decree of the court below is affirmed at the cost of the appellant.