PER CURIAM, February 23, 1914:

The order of the Superior Court reversing the decree of the Orphans' Court is affirmed on the opinion of Judge HEAD.

---

## Backenstoe, Appellant, v. Hunsicker.

*Real property—Estates—Life estate—Wills—Construction—Intent—Marketability of title.*

In a case stated in assumpsit to determine the marketability of title to real estate, a judgment for the defendant is proper, where it appears that the plaintiff's claim to a fee simple title to the tract in question is based upon the will of her father, which provided: "My daughter (the plaintiff) shall have (the real estate in question) during the natural life of herself and her husband, or the survivor of them, and they shall have the use, benefit and income of the same during their natural life, and after the decease of my said daughter and her husband, said farm shall come to the children of my daughter or to their lawful heirs share and share alike, and for which farm my daughter shall be charged the sum of $15,000, which sum shall be charged to her, I mean to say said amount shall be deducted from her share of inheritance out of my estate and each of my two other daughters shall have the right to take $15,000 of my best mortgages, judgments or promissory notes so that would bring them even with their sister." The gift was a life estate only to plaintiff and her husband.

Argued Feb. 3, 1914. Appeal, No. 21, Jan. T., 1914, by plaintiff, from judgment of C. P. Lehigh Co., Jan. T., 1914, No. 55, for defendant in case of Mary A. Backenstoe v. Charles O. Hunsicker. Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Case stated to determine marketability of title to real estate in Salisbury Township.

The following facts were agreed upon:

Martin Kemmerer, late of the City of Allentown, died on the 4th day of January, 1896, seized in his demesne

as of fee, amongst other lands, of and in a certain messuage or tenement and tract of land, situated in the Township of Salisbury, in said county.

The decedent left a last will and testament in writing bearing date the 30th day of April, 1886, with a codicil thereto attached bearing date the 27th day of April, 1893, and a second codicil thereto attached bearing date the 1st day of September, 1894, and on the 11th day of January, 1896, duly probated by the register of wills of the County of Lehigh, wherein in referring to the aforesaid messuage or tenement and tract of land, he states the contents thereof to be "about one hundred and fifty (150) acres of land, more or less," and designates the same as situated in the Township of Salisbury aforesaid, bounded by lands of Simon Kline, Tilghman P. Kline, John Worman, Paul Keck, Henry Kline and others.

The decedent left to survive him a widow, Agnes Kemmerer, and the following children, namely, Mary A. Backenstoe, the plaintiff, Sarah Ann Kemmerer, intermarried with Philip B. Kemmerer, Leah K. Leidy, intermarried with Thomas H. Leidy, and Martin Kemmerer, Jr., all of whom are of age. No children of Martin Kemmerer predeceased him leaving issue living at his death. Mary A. Backenstoe is still living, was married to the said Jacob M. Backenstoe, and was born January 18, 1846. The said Jacob M. Backenstoe preceded the said Martin Kemmerer in death, having died on the 18th day of December, 1895, leaving to survive him as his widow the said Mary A. Backenstoe, and the following children, namely, Martin J. Backenstoe, William A. Backenstoe and Sylva B. Logan, intermarried with Jacob T. Logan. The said Sylva B. Logan has since died, to wit, on the 29th day of May, 1909, leaving to survive her, her husband, Jacob T. Logan, and two minor children, to wit: Sylva Louis Logan and Paul Backenstoe Logan, who have Robert J. S. Butz for their guardian. Mary A. Backenstoe, the daughter of the said testator, Martin Kemmerer, was in possession of the premises and

received the rents, issues and profits thereof from the time of the death of the said testator, Martin Kemmerer, on the 4th day of January, 1896, and the said plaintiff has continued in the possession thereof either by herself or her tenants ever since.

That Mary A. Backenstoe, the plaintiff, by articles of agreement with the defendant, Charles O. Hunsicker, agreed to grant the property in the Township of Salisbury to the defendant in fee clear of all encumbrances by a good and sufficient deed, and on November 1, 1913, tendered a deed to the tract in question, which defendant refused to accept, alleging as his reason for so doing that the title in fee simple to the tract had not become vested in the plaintiff under the provisions of the will of Martin Kemmerer, deceased.

The court entered judgment on the case stated for the defendant, in the following opinion by TREXLER, P. J.:

The will of the testator provides among other things, "Second—It is my will and I do order and direct that my daughter Mary A. now the wife of Jacob M. Backenstoe shall have all that certain farm......during the natural life of my daughter Mary A. and her husband Jacob M. Backenstoe or the survivor of them and they shall have the use benefit and income of the same during their natural life and after the decease of my said daughter Mary A. and her husband Jacob M. Backenstoe said farm shall come to the children of my daughter Mary A. Backenstoe or to their lawful heirs share and share alike and for which farm my daughter Mary A. Backenstoe shall be charged the sum of Fifteen Thousand Dollars ($15,000) which sum shall be charged to her I mean to say said amount shall be deducted from her share of inheritance out of my estate and each of my two other daughters Sarah Ann the wife of Philip B. Kemmerer, and my daughter Leah the wife of Thomas H. Leidy shall have the right to take Fifteen Thousand Dollars ($15,000) of my best mortgages, judgments or promissory notes so that would bring them even with their

sister Mary A. Backenstoe." Which is altered in the testator's second codicil as follows: "And further I order and direct where I have ordered in the second item in my said annexed will that my daughter Mary A. now the wife of Jacob M. Backenstoe should be charged with Fifteen Thousand Dollars for the farm that I have ordered for her and now it is my will and I do order that she shall be only charged Twelve Thousand Dollars for said farm and my daughter Sarah Ann now the wife of P. B. Kemmerer and my daughter Leah now the wife of Dr. T. H. Leidy shall only have the right for taking only Twelve Thousand Dollars each of my mortgages etc. in place of Fifteen Thousand Dollars mentioned in second item of my aforesaid will."

There seems to be little doubt as to the testator's intention. The estate of Mary A. Backenstoe is to be for life, and after the termination of the life estate to her children or the children's lawful heirs, share and share alike. The limitation of the first estate is definite.

The use of the word children certainly indicates an estate directly derived from the testator and not descended from Mary A. Backenstoe or her husband. The use of the words "children" and "heirs" show that the terms were not used interchangeably, but had each its distinct meaning in the mind of the testator.

It is argued that the expression employed by the testator stating that his children should be even in the distribution of the estate, and that the word "come" employed in indicating the passing of the estate to the children, and that there was a sum charged for the land, led to the conclusion that a fee simple in the first taker was intended.

Notwithstanding these expressions we must not forget that the testator had a right to dispose of his estate as he pleased. We should not try to change the will even if distribution of the estate may appear to be inequitable.

Where a sum of money is required to be paid by the devisee without words of limitation a fee passes: Lobach's Case, 6 Watts 167.

There seems to be a distinction that when a charge is made on an estate alone and there are no words of limitation the devisee takes for life, but where the charge is on the person of the devisee in respect to the estate in his hands he takes a fee by implication. But here there are words of limitation, and therefore this rule does not apply. And at best this rule can only be invoked where the testator's intentions are in doubt and the devise is indefinite: Hinkle's App., 116 Pa. 490.

The same may be said as to the use of the word "come" and the expression that the shares shall be even. We know not what passed in the mind of the testator when he made his will, but the words used in the instrument are supposed to express what he intended. If we construe Mary A. Backenstoe's interest as a fee what estate goes to her husband, for evidently the testator wished to give an estate equally to them? It was to be for their use, benefit and income, and to the survivor of them. If the wife died before the husband he would if the estate be a fee simple acquire the entire estate, for they held it by entireties. Thus the estate might pass to one not of the blood of the testator. This we can safely say was not the testator's intention. The testator wished to reserve the farm for his daughter and her husband for their lives. He had a right to do so, and in this regard his purpose to my mind is clearly expressed.

Now, December 29, 1913, according to the terms of the case stated, judgment is entered for the defendant.

*Error assigned* was the judgment of the court.

*H. W. Schantz,* for appellant.

*Fred. B. Gernerd,* for appellee, filed a paper book.

PER CURIAM, February 23, 1914:

The judgment is affirmed on the opinion of Judge TREXLER.