## Barr et al. v. Wachob et al.

*Will—Devise—Life estate—Gift over—Limitation to members of family of testatrix—Executory devise—Alternative limitation.*

1. Where a testatrix named Smith devises land to a niece named Smith, "for her and her children absolutely, but in case she should die without legitimate issue, then and in that case the same is to revert back to her nearest relation on the Smith side," and the niece dies unmarried, without issue and leaving neither brother nor sister, father nor mother, the niece takes an estate for life, with remainder over to cousins on the Smith side, to the exclusion of cousins on her mother's side.

2. In such case, the devise over is to the cousins on the Smith side as an executory devise or alternative limitation.

Case stated to determine title to real estate. C. P. Indiana Co., June T., 1920, No. 224.

*Ernest Stewart* and *John A. Scott,* for plaintiffs.

*D. B. Taylor,* for defendants.

LANGHAM, P. J., Aug. 28, 1924.—This case is presented for the opinion of the court in the nature of a special verdict, based upon the following stated facts:

"1. That the tract of land described in the præcipe for writ of ejectment was owned by Elizabeth Smith in her lifetime.

"2. That said tract was devised by the said Elizabeth Smith by her last will, duly probated and remaining of record in the Register's Office of Indiana County, as follows, to wit:

"'Item. I give and bequeath to Hannah Jane Smith, my niece, all my real estate, being the property I now reside upon containing seventy-five acres of

land be the same more or less, with the appurtenances, the same having been bequeathed to me by my father in his last will and testament recorded in Indiana, to remain for her and her children absolutely, but in case she should die without legitimate issue then and in that case the same is to revert back to her nearest relation on the Smith side.'

"3. That Hannah Jane Smith died on Sept. 11, 1918, unmarried and without issue and leaving neither brother nor sister, father nor mother, but the following cousins and children of cousins surviving her on her father's side:

"*(A')* James Smith Matson, who died before the said Hannah Jane Smith and left surviving him the following children: Abbie H. Barr, Anna Grace Long, Rebecca F. Matson, Nancy Mertilla Matson.

"*(B)* Moses Knap Smith, who died before the said Hannah J. Smith and left to survive him the following children: Kate Hadden, Amy Beck, Curtin Smith and W. C. Smith. (The said W. C. Smith died since the said Hannah Jane Smith, intestate, and leaving to survive him the following children: Edgar H. Smith, Ruth A. Smith, Freda M. Wolf, Chester R. Smith, Lloyd O. Smith, June L. Smith, Maurice R. Smith and Doris L. Smith.)

"*(C)* Lavina Hendricks, who died before the said Hannah Jane Smith and left to survive her the following children: W. S. Hendricks, Annie McGee, Margaret Alice Dickey, Eva Hendricks and Mrs. Joseph Hayes. (The said Mrs. Joseph Hayes has died since the said Hannah Jane Smith and leaving to survive her the following children: Forest O. Hayes, Charles P. Hayes, Florence Caldwell and Bessie Pinkney.)

"*(D)* Susanna Broadhead, who died before the said Hannah Jane Smith and left to survive her the following children: Mary J. Veite and Laura L. Brown.

"4. Hannah Jane Smith was the daughter of Thomas J. Smith and Jane Elwood Smith, both of whom died before the said Hannah Jane Smith, who was their only child.

"5. Susanna Elwood, sister of said Mrs. Jane Elwood Smith, was intermarried with John Wachob, both of whom died before the said Hannah Jane Smith and left to survive them the following children:

"*(A)* Thomas E. Wachob, who died, leaving to survive him his widow, Lydia M. Wachob, and the following children: Hallie E. Patterson and Elizabeth J. Wachob.

"*(B)* Smith Wachob, who is now deceased and left no children.

"*(C)* Oliver Wachob.

"*(D)* J. M. Wachob.

"*(E)* Hannah Jane Devlin.

"6. The following questions are submitted for determination by the court:

"First. Whether the said Hannah Jane Smith, under the will of Elizabeth Smith above recited, took a life estate in the tract of land mentioned or a fee simple.

"Second. If the court should be of the opinion that said Hannah Jane Smith, under said will, took a life estate only in the lands mentioned, then judgment to be entered in favor of the plaintiffs.

"Third. If the court be of opinion that said Hannah Jane Smith, under said will, took an estate in fee simple in the lands mentioned, then the court will determine in whom the said lands vested under the intestate laws of the Commonwealth and enter judgment accordingly.

"Fourth. The costs to follow the judgment, and the parties plaintiff and defendant reserve the right to sue out a writ of error therein.

"7. The parties named as plaintiffs in the title of this case are substituted as parties plaintiff instead of the parties named in the original ejectment, and the parties named as defendants in the title of this case are substituted as parties defendant instead of the parties named in the original ejectment."

The first question for determination here is: Did Hannah Jane Smith take a life estate or a fee simple under the will of Elizabeth Smith? If she took only a life estate, it is agreed that judgment should be entered in favor of the plaintiffs. If she took a fee under said will, then the court will determine in whom the lands described in the will vested under the intestate laws of the Commonwealth.

Any attempt to properly construe a clause in a will must be to arrive at the intention of the testator. If we arrive at the true intent and purpose of the testator, then we are correct in our conclusions and the case is properly adjudicated. What have we before us in this case? The will in question was executed and probated nearly twenty years subsequent to the enactment of the Act of April 27, 1855, construing and limiting fee-tail estates.

The testatrix, Elizabeth Smith, as disclosed by the wording of the will, was a sister of Thomas J. Smith, the father of Hannah Jane Smith, who is designated as her niece. She, the testatrix, says: "I give and bequeath to Hannah Jane Smith my niece all my real estate, being the property I now reside upon, containing seventy-five acres of land, be the same more or less, with the appurtenances, the same having been bequeathed to me by my father in his last will and testament recorded in Indiana, to remain for her and her children absolutely, but in case she should die without legitimate issue, then and in that case, the same is to revert back to her nearest relation on the Smith side."

It must be remembered that at the time of making the will by the aunt of Hannah Jane Smith, Hannah Jane was unmarried, without children, without father, mother, brother or sister and no relatives on her father's side (the Smiths), except cousins. It must also be observed that the testatrix, Elizabeth Smith, had in mind to confine the devolution of this estate to the Smith "side of the house," as the saying goes. She definitely and expressly says so in the wording of her will. What else could she intend, wherein she specifically says, "but in case she (meaning Hannah Jane Smith) should die without legitimate issue, then and in that case, the same is to revert back to her nearest relation on the Smith side." The "nearest relation on the Smith side" are the cousins, the plaintiffs in the case at bar. What more can be here said in arriving at the true intent of the testatrix in this case? She was a Smith, an aunt of Hannah Jane, trying to take care of the Smiths, and, as she believed, diligently avoiding giving any of her bounty to the people of her brother's wife. Hannah Jane Smith was evidently her favorite Smith relative, being the only child of her brother, Thomas J. Smith, but, at all events, she was for the Smiths and had no thought in mind to devise any part of her estate to her brother's wife's people.

We have read the will under consideration in its entirety, and do not find any indication of intent that the lands in question should be shared by her sister-in-law's collateral heirs. It looks like a clear and deliberate effort on the part of the testatrix to keep the possession of this estate out of the hands of any other person or persons than Hannah Jane Smith's "nearest relation on the Smith side." We, therefore, hold that Hannah Jane Smith took only a life estate under the will of her aunt, Elizabeth Smith, and, in arriving at this conclusion, we have had due consideration of the will itself, and as viewed under the light of Chambers v. Union Trust Co., 235 Pa. 610, and the author-

ities therein cited. The language used in the instant case and the facts contained in the case stated are substantially identical with that contained in the case above cited.

A summary, in part, of the authorities cited in Chambers v. Union Trust Co. is: Coursey v. Davis, 46 Pa. 25; Hague v. Hague, 161 Pa. 643; Crawford v. Forest Oil Co., 208 Pa. 5; Vaughan's Estate, 230 Pa. 554.

Where the children take in remainder, whether there be children or not in existence at the death of the testator, there is no ground to hold a fee-tail estate is given to the parent: Cote v. von Bonnhorst, 41 Pa. 243; Curtis v. Longstreth, 44 Pa. 297; Taylor v. Taylor, 63 Pa. 481.

In default of issue, an estate-tail by implication is not raised: Sheets's Estate, 52 Pa. 257; Curtis v. Longstreth, 44 Pa. 297; Daley v. Koons, 90 Pa. 246.

Hannah Jane Smith died without issue, and the devise over is to the plaintiffs as an executory devise or alternative limitation: Sheets's Estate, 52 Pa. 257; Fetrow's Estate, 58 Pa. 424.

It is agreed in the case stated that costs shall follow the judgment, and an order therefor will, accordingly, be made.

### Decree and order of court.

And now, Aug. 28, 1924, this case came on to be heard by argument of counsel upon a case stated, and after due consideration thereof, it is adjudged and decreed that Hannah Jane Smith took only a life estate under the last will and testament of Elizabeth Smith, deceased, and judgment is hereby directed to be entered in favor of the plaintiffs named in this proceeding for the lands mentioned in said will.

It is further ordered and directed that the costs of this proceeding be paid by the defendants. An exception to this decree and order of the court is hereby allowed defendants.

From James L. Jack, Indiana, Pa.