In re: Estate of Thomas Fletcher, Deceased.

Argued April 22, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*Zeno F. Henninger,* for appellant.

*James M. Galbreath* of *Galbreath and Galbreath,* and with him *John B. Greer,* for appellees.

Opinion by Trexler, P. J., July 8, 1931:

This is a proceeding under the Declaratory Judgment Act of June 18, 1923, P. L. 840, wherein it is sought to determine, under the Last Will and Testament of a decedent, Thomas Fletcher, the interest which Margaret J. Odenweller took to certain real estate under said will.

The particular clause in question reads as follows:

......, "and I further give and bequeath to my two daughters, Clarrissa Ann Fletcher, intermarried to Lemon C. Miller, and Margaret Jane Fletcher one hundred acres of land to be taken out of the northeast corner of my farm to be equally divided between the said Clarrissa A. Miller and Margaret J. Fletcher by running a line east and west to divide the said one hundred acres of land, of which the said C. A. Miller is to have the fifty acres of land, along the north line and the said Mrs. Clarrissa A. Miller and Margaret J. Fletcher, my daughters are to have the right and privilege to take and bring their stone coal out on the mill property and to sell the same free of charge, to have and to hold to them, the said Clarrissa A. Miller and Margaret J. Fletcher, their children and blood relations forever, and ......"

Margaret J. Fletcher at the time of the testator's death was single, but afterwards married and had three children. She was in possession of the fifty acres of land being one half of the tract referred to in the above clause of the will, and dying testate, she left her residuary estate, including the land in question, to her daughter, Mary Twaddle. The other two children claimed that she had no right to dispose of the land, but that she had merely a life estate. Was Margaret Fletcher Odenweller seized of a fee simple title by virtue of the words "to have and to hold to them, the said Clarrissa A. Miller and Margaret J. Fletcher, their children and blood relations forever," or of a

life estate only? As pointed out in the opinion of the lower court, the testator in his will devised a tract of land to his son, "William B. Fletcher, his heirs and assigns," with a habendum clause reciting "to hold to him the said William A. Fletcher, his heirs and assigns forever." He follows that by a devise to another son, Manuel, using the same technical words, and a third to his son, Smily, using like words. There is another clause giving his wife the residuary estate for her life of widowhood and after her death or marriage, the property to be divided amongst his five children.

Taking the whole will, it would clearly appear that the testator used the words "heirs and assigns forever" with full knowledge of their import. It must be presumed that his obvious intention in using these words was to convey a fee. His changing from heirs to children when it comes to the devise in question must have been for some purpose. As was stated in Elliott v. Diamond Coal & Coke Co., 230 Pa. 423, by Chief Justice von Moschzisker, the use of such words in the will shows "knowledge of correct technical words for the creation of the fee and the change of phraseology in a subsequent devise has significance, or at least is some evidence of a different intent concerning the disposition of the property then in mind." Does the use of the words "blood relations" so affect the word "children" which is plainly a word of purchase (Hague v. Hague, 161 Pa. 643) as to make the clause one of limitation. It is apparent that the testator did not use the words children and blood relations as indicating two classes of people. Instead of interpreting these words as giving a doubtful meaning to the clause, it is better to construe the two expressions as synonymous.

The argument is advanced that the words used applied merely to the right to mine coal and the right of way in connection therewith, but the court rightly con-

cluded that there is no merit in this contention. We are all of opinion that the lower court rightly interpreted the will.

The decree of the lower court is affirmed, the appellant to pay the costs.