Opinion by
 

 Keller, P. J.,
 

 Bill in equity for partition of a farm, formerly belonging to Samuel Eberly, deceased.
 

 Samuel Eberly died December 24, 1888. He left a will dated January 11, 1887 and a codicil to it dated August 25, 1887.
 

 The clause of his will immediately concerned in this case is the following:
 

 “Item: I give bequeath and devise to my Daughter Kate Meily the Farm (formerly the Bricker Farm) which they now occupy situate in Silver Spring Township containing about 126 acres with all the improvements thereon for the sum of Seventeen thousand dollars ($17,000) to her and her children in fee simple and forever the same to be charged to her Legacy.”
 

 It has been established in this Commonwealth for many years, that a
 
 devise
 
 of real estate in that form, as well as a deed conveying
 
 land
 
 to a grantee and her [or his] children in fee simple passes a life estate to the named devisee or grantee with remainder in fee simple to her [or his] children as a class; that the children take the fee simple on the death of their parent as purchasers and not by limitation:
 
 Elliott v. Diamond Coal & Coke Co.,
 
 230 Pa. 423, 79 A. 708;
 
 Crawford v. Forest Oil Co.,
 
 208 Pa, 5, 57 A, 47;
 
 Hague v. Hague,
 
 161
 
 *142
 
 Pa. 643, 29 A. 261;
 
 Calder’s Est.,
 
 343 Pa. 30, 21 A. 2d 907;
 
 Reiff v. Pepo,
 
 290 Pa. 508, 515, 139 A. 144;
 
 Chambers v. Union Trust Co.,
 
 235 Pa. 610, 84 A. 512;
 
 Oyster v. Knull,
 
 137 Pa. 448, 20 A. 624;
 
 Coursey v. Davis,
 
 46 Pa. 25;
 
 White v. Williamson, 2
 
 Grant 249.
 

 The court below recognized this general principle but was of opinion that certain other provisions in the will took the devise abovementioned out of the general rule and required it to hold that the will gave Kate Meily a fee simple, which on her death, testate, in 1933 passed under her will to two of her children, Charles S. and Mabel G., as devisees, to the exclusion of her son Clarence E., who died April 20, 1940 leaving a wife and daughter, the plaintiffs in this bill.
 

 We will, therefore, consider the other provisions in the will which led the court to this conclusion.
 

 (1) In the first place the court refers to the fact that in prior clauses in the will Samuel Eberly devised his other farms to certain of his other children and their
 
 heirs,
 
 to wit, his Mansion Farm of 175 acres to his son, Simon Eberly, “for [that is, at a valuation of] $24,000”; the Eminger Farm of 126 acres to his daughter, Sarah A. Strong “for $16,000”; the Martin Farm of 128 acres to his daughter, Mary Zimmerman “for $17,000”; and the Brenneman Farm of 105 acres to his daughter Lizzie Bowman “for $14,000”; and that in every instance the language used in these prior devises was identical with the devise to Kate Meily, except that the devise was to the son or daughter, naming him or her, “to him [or her] and his [or her]
 
 heirs
 
 in fee simple and forever.”
 

 And in the codicil there was a similar devise of the house and lot (formerly the Lindeman property) adjoining his homestead, to his “daughter Ellen and Ida or those who are yet single or without a home of their own at the time of my death......for the sum of two thousand dollars to them and their heirs in fee simple
 
 *143
 
 and forever the same to be charged to their legacies in equal proportion.”
 

 The court below admitted that this circumstance was not of itself sufficient to justify the conclusion that the testator had used the word “children” in the Kate Meily devise in the sense or meaning of “heirs.” The authorities are directly to the contrary. They hold that it goes rather to support the conclusion “that the terms were not used interchangeably, but had each its distinct meaning in the mind of the testator”:
 
 Backenstoe v. Hunsicker,
 
 244 Pa. 295, 298, 90 A. 641;
 
 Elliott v. Diamond Coal & Coke Co.,
 
 supra;
 
 Fletcher’s Est.,
 
 103 Pa. Superior Ct. 69, 157 A. 810. But an additional circumstance makes it clear that this testator intentionally used the word “children” in the Kate Meily devise rather than “heirs”. Counsel for appellants produced at the argument in this court the original will and an inspection of it establishes to our satisfaction that as first written the devise to Kate Meily was “to her and her heirs in fee simple and forever”, etc., the same as appeared in the prior devises to his other children, but the word “heirs” had been changed in the same handwriting to “children” by inserting a “c” before “heirs” and changing the “e” in “heirs” to “i”, the “i” to “1”, the “r” to “d” and writing “ren” at a slant upwards upon and over the “s”. . The changes are in slightly darker ink and are easily apparent to anyone with good eye-sight even without any adventitious aid, but with a magnifying glass they are evident beyond any doubt or question. It thus appears that for reasons of his own the testator purposely made a distinction between Kate Meily and his other children in the distribution of his farms and gave the Bricker farm, occupied by her and her family, “to her and her children in fee simple and forever”, rather than “to her and her heirs in fee simple and forever”, as was used in his prior farm devises.
 

 We think this rules the case in favor of the appellants.
 

 
 *144
 
 The learned President Judge of the lower court, who may not have examined the original will, as we did, was of the opinion that the
 
 final or residuary
 
 clause of the will, with its declaration of the testator’s intent that his estate should “be equally divided between [his] children”, taken in connection with the form of the other devises, required that the devise to Kate Meily should be construed to pass to her a fee simple in the Bricker farm.
 

 This clause reads as follows:
 

 “And I further direct my Executor herein named to sell and dispose of all my personal property and to make a Final settlement within one year after my Death if conveniently can be done of the Beal and personal property whatsoever belonging to my Estate as well as the Advancements which I have charged in a Book Kept for that purpose and which shall be evidence, and should I here after make any further Advancements to any or either of my children the Same shall be considered as part of their Legacy. And after the payment of all Just debts and expenses as aforesaid, then the Balance Beal personal and mixed to be equally divided between my children as follows to wit: To Simon Eberly, Sarah A. Strong, Mary Zimmerman, Lizzie Bowman, Kate Meily, Ellen Eberly, Emma Eberly and Ida Eberly, to them and their children share and share alike.”
 

 But a review of the record in the case, in the light of what we have already said, does not require, or even warrant, such a conclusion.
 

 The real estate was all granted by specific devises at valuations totalling $90,000. The rest of the estate, consisting of personal property, $67,113.75, and advancements, $16,290, amounted to $83,403.75, making $173,403.75 in all. Divided into eight shares, it made the share coming to each child, and his or her “children”, $21,675.47, or $4,675.47 over and above the
 
 *145
 
 Bricker farm, to Kate Meily. This excess was personalty.
 

 . The general rule first above stated is not applied to bequests of personal property:
 
 McKee’s Appeal,
 
 104 Pa. 571. Where the word “heirs” is used in a bequest of personalty, it means heirs as ascertained by the statutes of distribution unless a contrary intent is indicated by the will:
 
 Eby’s Appeal,
 
 84 Pa. 241;
 
 Ashton’s Estate,
 
 134 Pa. 390, 19 A. 699;
 
 Wunder’s Estate,
 
 270 Pa. 281, 113 A. 378.
 

 The personal estate of Samuel Eberly, deceased, has been accounted for and distributed in accordance with the schedule of distribution attached to said account, and is not affected by this proceeding.
 

 Nor does the provision in the testator’s will for an equal division of his property militate against the well settled meaning of the devise to
 
 Kate Meily and her children
 
 in fee simple:
 
 McIntosh’s Estate,
 
 158 Pa. 528, 27 A. 1044. A similar contention was negatived in
 
 Backenstoe v. Hunsicker,
 
 supra, where the Supreme Court approved the language of Judge Trexler, (afterwards a Judge and President Judge of this Court), speaking for the court below, as follows: “The use of the word ‘children’ certainly indicates an estate directly derived from the testator and not descended from Mary A. Backenstoe or her husband. The use of the words ‘children’ and ‘heirs’ show that the terms were not used interchangeably, but had each its distinct meaning in the mind of the testator. It is argued that the expression employed by the testator stating that his children should be
 
 even
 
 in the distribution of the estate,...... and that there was a sum charged for the land, led to the conclusion that a fee simple in the first taker was intended. Notwithstanding these expressions we must not forget that the testator had a right to dispose of his estate as he pleased. We should not try to change the will even if distribution of the estate may appear to be inequitable.”
 

 
 *146
 
 Furthermore, from the testator’s point of view his estate was equally divided among his children, in that Kate Meily and her children received the same share that all his other children received.
 

 Accordingly we are of opinion that on the death of Kate Meily, her three children, Charles S., Mabel G. and Clarence E., became the owners in fee simple of the Bricker farm as tenants in common and that upon Clarence’s subsequent death, his widow and minor child succeeded to his estate in the land and were entitled to bring this suit for its partition.
 

 The decree is reversed, and the record is remitted to the court below with directions to reinstate the bill and proceed to make partition of the land in accordance with law. The costs to be paid out of the estate, that is, one-third charged against each child’s share.