# Lauer Brewing Company, Limited, *v.* Chmielewski.

*Judgment—Opening judgment—Evidence—Appeals.*

A judgment for goods sold and delivered will not be opened on the ground that the defendant was overcharged, where it clearly appears that he had received a postal card with notice of each consignment charged to him, had made no complaint at the time, had gone over his account at the plaintiff's office, and had agreed upon a balance and paid it, at a date subsequent to many of the items to which he objected.

On an appeal from an order refusing to open a judgment entered on a bond, the defendant cannot claim in the appellate court that he was erroneously sued as a purchaser, when as a matter of fact he was described in the bond as an agent of the plaintiff, if he made no such claim in the court below.

Argued Feb. 17, 1903.   Appeal, No. 295, Jan. T., 1903, by defendants, from order of C. P., Schuylkill Co., Nov. T., 1900, No. 179, discharging rule to open judgment in case of Lauer Brewing Company, Limited, v. William D. Chmielewski et al. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Rule to open judgment.

*Error assigned* was order discharging rule to open judgment.

*W. D. Seltzer*, for appellant.

*E. D. Smith*, for appellee.

PER CURIAM, May 11, 1903:

Appellant petitioned to have the judgment opened on the ground that he was overcharged, but his evidence failed to sustain his complaint, it appearing clearly that he had received a postal card with notice of each consignment charged to him, had made no complaint at the times, and had gone over his account at the plaintiff's office, agreed upon a balance and paid it, at a date subsequent to many of the items he now objects to.

In this court he makes the additional claim that he was described in the bond as agent, but that the goods were charged to him as a purchaser, and the debt therefore is not within the

terms of the bond.    The condition of the obligation was that he should "account for and pay . . . . the money due and owing to the said brewing company for all sales and shipments made by them and at his request," and as it is admitted that the business between them was all done the same way from the beginning, it is not apparent how merely calling him agent, erroneously or not, in the recital of the bond, can release him from the plain obligation of the condition.    But as this point was not made and therefore not passed upon by the court below, it will be disregarded here.

Judgment affirmed.