# Bousquet's Estate.

*Escheats—Disappearance of legatees—Statute of limitations—Act of May 2, 1889, P. L. 66.*

The right of the commonwealth to escheat a legacy is barred by section 26 of the act of May 2, 1889, where it appears that the legatee disappeared prior to the death of the testator, that he never claimed the legacy although search and advertisement was made for him, and that the commonwealth did not institute escheat proceedings until more than forty years after the death of the testator.

*Appeals—Statement of question and issue—Escheator's compensation and counsel fee.*

The Supreme Court will not consider the question of compensation and counsel fee of a deputy escheater of the commonwealth where no such question was raised in the court below, and is not included in the statement, in the appellant's paper-book, of the question involved in the case.

Argued March 26, 1903. Appeal, No. 49, Jan. T., 1903, by Commonwealth, from decree of O. C. Phila. Co., Oct. T., 1886, No. 157, dismissing exceptions to adjudication in estate of Peter Bousquet, deceased. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to adjudication.

The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to adjudication.

*Frederick J. Knaus*, for appellant.—While it is true that the law raises a presumption of death by reason of the absence

of the individual for a period of seven years, yet that absence must be coupled with the fact that he must have been absent from his home or place of domicile and not have been heard from by those with whom he would have naturally communicated.

The absentee must have been absent from his home or place of residence: Francis v. Francis, 180 Pa. 644, 646.

Julius Novial was originally a resident of Philadelphia and then removed to Porto Rico; there is no presumption of his death; on the contrary there is a distinct and positive presumption that he was still living when heard from at Porto Rico, that he still continues to live: Francis v. Francis, 180 Pa. 644, 646, 647.

Even if there were doubt as to whether or not the twenty-sixth section of the act applied to sections two and three, such doubt must be resolved in favor of the appellant. The appellant is the commonwealth of Pennsylvania. If the commonwealth is to be debarred, it must be by some explicit, express statutory provision intended so to bar. The ordinary statutes of limitation do not apply to the commonwealth: Com. v. Baldwin, 1 Watts, 54, 56; McKechan v. Com., 3 Pa. 151, 153; Com. v. Hutchinson, 10 Pa. 466; Troutman v. May, 33 Pa. 455, 459.

But it is respectfully submitted that the twenty-sixth section was not intended to apply to cases arising under the second and third sections of the act, but only to the first section.

*Anthony A. Hirst*, with him *James Fitzpatrick*, for appellee.— When the commonwealth comes into its courts, it is subject like all other suitors to the established rules of evidence. It must meet the burden of proof, its evidence must be relevant, material, the best attainable, and must be presented in due order, under the regular rules of procedure. In all such respects it stands upon the same footing as ordinary litigants. Rules of evidence and legal presumptions are not changed for or against the state as a suitor: Ash's Estate, 202 Pa. 422.

The Supreme Court of Pennsylvania, in the leading case of Burr v. Sim. 4 Wharton, 150, adopted the English rule that in the case of an absent person, of whom no tidings are received, the presumption of the continuance of life ceases at the end of seven years.

OPINION BY MR. JUSTICE POTTER, July 9, 1903 :

Peter Bousquet died at Philadelphia, September 28, 1861, leaving a will dated February 9, 1859, by which he gave to one, Julius Novial, the sum of $1,000. Prior to 1860, Julius Novial resided on the island of Porto Rico, but about that time he left in a ship bound for San Francisco. He has never been heard from since and has never appeared to claim his legacy, although search and advertisement were made for him. On the settlement of the account of Bousquet's executrix, the accountant was ordered to invest the legacy and hold it subject to the order of the legatee. The money still remains in the hands of the administrator d. b. n. c. t. a. of Peter Bousquet, deceased, and with its accumulations, now amounts to more than $8,000.

On October 28, 1901, Alexander D. Lauer was commissioned deputy escheator in the case of Julius Novial, deceased, and on December 7, 1901, petitioned the orphans' court to order Charles Tete, Jr., administrator d. b. n. c. t. a. of Peter Bousquet, to file an account. This was ordered, and upon the audit on May 8, 1902, the commonwealth by its deputy escheator, claimed the entire fund which was made up solely of the legacy to Novial and its accumulations. The auditing judge declined to allow this claim on the ground that it was barred by the 26th section of the Act of May 2, 1889, P. L. 66, and awarded the balance in the hands of the accountant to the residuary legatees under the will of Peter Bousquet, deceased. The commonwealth filed exceptions to the adjudication which after argument were dismissed by the court in banc and the adjudication was confirmed.

From this decree the commonwealth appealed, and the dismissal of the exceptions and confirmation of the adjudication are here assigned for error. The questions for consideration are :

1. Whether the claim of the commonwealth to an escheat was barred by the 26th section of the act of May 2, 1889, as no proceedings were taken within twenty-one years after the presumed death of Julius Novial.

2. Whether the court below should have awarded compensation and counsel fee to the deputy escheator. It does not appear, however, that any such claim was made at the audit or passed upon by the auditing judge.

The material portions of the Act of May 2, 1889, P. L. 66, are as follows :

" Section 1. Be it enacted, etc.    That from and after the publication of this act, if any person, who at the time of his death was seized or possessed of any real or personal estate within this commonwealth, has died or shall die intestate, without heirs or known kindred, a widow or surviving husband, such estate of whatsoever kind the same may be, whether legal or equitable, or whether the same was held by the said person in severalty or as tenant in common, cotenant, joint-tenant or in partnership with any other person or persons, shall escheat to the commonwealth, subject to all legal demands on the same.

" Section 2. That whensoever any money, estate or effects shall have been, or shall hereafter be paid into, or deposited in the custody of any court of this commonwealth or shall be in the custody of any depository, or of any receiver or other officer of said court, and the rightful owner or owners thereof shall have been or shall be unknown for the space of seven years, the same shall escheat to the commonwealth, subject to all legal demands on the same.

" Section 3. That whensoever any trustee or other person is or shall be seized of any property or estate, real or personal, in a fiduciary capacity, and shall file an account of the same in any court of this commonwealth, and whensoever it shall appear that the cestui que trust or beneficial owner of said property or effects, or any part thereof, has been unknown for a period of seven years, and still remains unknown, then and in such case, so much of said property or effects as belonged to said unknown cestui que trust, or beneficial owner, shall escheat to the commonwealth, subject to all legal demands on the same.

" Section 26. That whensoever any property hath escheated or shall escheat to the commonwealth by reason of the death of the owner last seized or possessed thereof, intestate without heirs or known kindred, a widow or surviving husband, and there have been no proceedings had, as and for an escheat, for the period of twenty-one years after the decease of the said owner, the commonwealth shall thereafter forever be debarred from claiming the same as escheated, and that whether such period hath already elapsed, or whensoever hereafter it shall have fully elapsed."

· The fund which is here claimed has not been paid into court and is not in the custody of any depository or officer of the court. It is in the hands of the administrator of Peter Bousquet, by whom it has been held and invested, to await the appearance of the legatee. The facts do not therefore come within the second section of the act. Neither does the third section apply, for that extends to cases where the relation of trustee and cestui que trust exists. There is no such relation here. Upon the death of the testator, the legacy became vested in Julius Novial and it remained as his property, and is not subject to any trust.

Both the second and third sections would seem to apply only to cases where the owner of a fund in court or the cestui que trust or beneficial owner of a trust fund, have been unknown for a period of seven years. In the present case, the owner of the fund has never been unknown. It is his present whereabouts that are unknown. If there is any escheat, therefore, in this case, it must be under the first section of the act and by reason of the claim that Julius Novial died intestate and without heirs or known kindred, or widow. There is no direct evidence of his death. If a presumption of death exists, it must have arisen at the expiration of seven years from the year 1860, when he was last heard of, or in 1867. The proceedings to escheat the fund were not begun until 1901, more than twenty-one years after that date. It can hardly be contended that the twenty-sixth section of the act of 1889 does not apply to cases arising under the first section of that act. The commonwealth itself in providing for the escheat of property has limited the time in which the proceedings must be instituted. Its claim to an escheat in this case is, therefore, clearly barred. The suggestion that the deputy escheator and his counsel should be compensated out of the fund, does not appear to have been made upon the audit, and is not passed upon in the adjudication. Furthermore, the question is not included in the statement in the appellant's paper-book, of the question involved in the case, and therefore it will not be considered : 5th Ward Bldg. & Loan Asso. v. Boylan, 198 Pa. 250.

The assignments of error are overruled and the decree of the orphans' court is affirmed.