# McCormick v. Sypher, Appellant.

*Trust and trustees—Deed of trust—Passive trust—Statute of limitations—Rule in Shelley's case.*

1. A deed of trust executed by A. and his wife B. conveying certain real property belonging to A. to a trustee "in trust for the said B. and the children of the said B. on her body begotten and to be begotten by her husband the said A. their heirs and assigns forever," under which the trustee has no active duties, vests in the wife a life estate only with remainder in fee to the children, if there is nothing else in the deed to in any degree modify the primary and presumptive meaning of the word "children" or to indicate that the children were to take by descent from their mother, as her heirs at law, and not as purchasers from their father. The children take as a class and include those who were born after the date of the deed as well as those born before.

2. The trust constituted by such a deed is a dry and passive one and the statute of limitations on adverse possession would only begin to run against the children when their right of possession accrued upon the death of their mother.

Argued October 15, 1912. Appeal, No. 202, Oct. T., 1912, by defendants, from judgment of C. P. Butler Co., June T., 1911, No. 2, for plaintiffs, on issue framed in case of Charles H. McCormick, et al., v. David Sypher, et al. Before FELL, C. J., BROWN, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Issue framed to determine title to land. Before GALBREATH, P. J.

The facts appear in the opinion of the Supreme Court.

The jury rendered a verdict for the defendants.

Upon motion, the court granted judgment non obstante veredicto in favor of the plaintiffs.

*Error assigned* was in entering judgment non obstante veredicto for the plaintiffs.

*W. D. Brandon,* of *Brandon & Brandon,* with him *J. Campbell,* for appellants. The deed created an estate

tail in the wife: Shoup v. DeLong, 190 Pa. 331; Pifer v. Locke, 205 Pa. 616; Simpson v. Reed, 205 Pa. 53.

The deed created a special trust, possibly a coverture trust for Mrs. McCormick and until she became discovert it could not end as to her: Steacy v. Rice, 27 Pa. 75; Shalters v. Ladd, 141 Pa. 349; Wilson v. Heilman, 219 Pa. 237; Hanlon v. Martin, 234 Pa. 55.

The deed also created a special trust in favor of the children then living and the children unborn, and as to them also the legal estate was conveyed to and vested in the trustee and not in them: Mooney's Estate, 205 Pa. 418; Stambaugh's Estate, 135 Pa. 585; Little v. Wilcox, 119 Pa. 439; McCullough v. Seitz, 28 Pa. Superior Ct. 458.

The statute of limitation is a bar: Ingles v. Ingles, 150 Pa. 397; Waslee v. Rossman, 231 Pa. 219.

The possession of the vendor is the possession of the vendee but where the vendor by some unequivocal act shows hostility to the title of the vendees and that he holds adversely to that title, knowledge of which is brought to the vendee, the statute of limitations begins to run: Ingles v. Ingles, 150 Pa. 397; Connor v. Bell, 152 Pa. 444; Pierce v. Barney, 209 Pa. 132; Hads v. Tiernan, 213 Pa. 44; Milnes v. VanGilder, 197 Pa. 347; Pipher v. Lodge, 4 S. & R. 310.

The deed is to be construed most strongly against the grantor and imports that he was sole owner and the recital will not be permitted to limit the character of the grant: People's Coal Co. v. Long, 60 Pittsburgh Leg. J. 537; Waslee v. Rossman, 231 Pa. 219.

*W. Z. Murrin,* with him *Stephen Cummings* and *John Murrin,* for appellees.—The word "children" in the deed was a word of purchase and the rule in Shelley's case has, therefore, no application: White v. Williamson, 2 Grant (Pa.) 249; Coursey v. Davis, 46 Pa. 25; Gernet v. Lynn, 31 Pa. 94; Hague v. Hague, 161 Pa. 643; Crawford v. Forest Oil Co., 208 Pa. 5; Guthrie's App., 37 Pa.

9; Wolford v. Morgenthal, 91 Pa. 30; Pifer v. Locke, 205 Pa. 616; Shalters v. Ladd, 141 Pa. 349; Simpson v. Reed, 205 Pa. 53.

The trust created by the Mitchell trust deed was a passive, dry trust and the statute would execute the use, immediately, and vest the legal title in the cestuis que trustent as though the trustee had formally conveyed to them: Carson v. Fuhs, 131 Pa. 256; Steacy v. Rice, 27 Pa. 75.

The statute of limitations would not begin to run against the appellees until the death of their mother, Susan A. McCormick, who is still in full life: Wolford v. Morgenthal, 91 Pa. 30; Morton v. Funk, 6 Pa. 483; Irvine v. Sibbetts, 26 Pa. 477; Crow v. Kightlinger, 25 Pa. 343; Gernet v. Lynn, 31 Pa. 94.

OPINION BY MR. JUSTICE BROWN, January 6, 1913:

This appeal comes from a judgment in an issue framed in the court below upon the petition of the appellants for the purpose of determining the title to land. On December 30, 1873, W. A. McCormick, who was the owner of it, executed a deed for it, in which his wife, Susan A. McCormick, joined, to Lewis Z. Mitchell, "In trust for the said Susan A. McCormick and the children of the said Susan A. McCormick on her body begotten and to be begotten by her husband the said Wm. A. McCormick, their heirs and assigns forever." At the time this deed was executed the McCormicks had two children. Subsequently seven others were born to them, and the nine are the plaintiffs in this issue. On February 19, 1876, McCormick and his wife executed a deed for this property to Sarah Croup, who immediately entered into possession and continued in possession of it until she sold and conveyed it to David Sypher, one of the defendants below. He subsequently conveyed a portion of the property to Mrs. Elizabeth McKee, who died intestate in the year 1906, leaving three children to survive her, and they, with Sypher, were made the defend-

ants in the issue. The case was submitted to the jury under instructions that if they found Mrs. Croup and those claiming under her had been in possession of the property adversely for the statutory period, the verdict should be for the defendants, and such a finding was returned. The court below subsequently sustained the motion of plaintiffs for judgment non obstante veredicto upon the whole record and directed the entry of judgment in favor of the appellees for the land in dispute, subject to the defendant's right of possession during the lifetime of Susan A. McCormick, who is still living.

The first contention of the appellants is that an active trust was created by the deed from McCormick and wife to Mitchell, and the statute of limitations, therefore, ran against the trustee who held title not only for the mother, but for the children as well. In the court below they contended otherwise by expressly averring in their pleadings that the trust created by the deed to Mitchell was not an active one, and they based their right to a verdict on the ground that an estate tail had been created which, under the statute, became a fee simple in Mrs. McCormick. With this state of the record we ought hardly to be asked to convict the court below of error in holding that the trust was a mere passive one: Morton v. Funk, 6 Pa. 483; Henry v. Zurflieh, 203 Pa. 440; Payne's Estate, 204 Pa. 535; Lauer Brewing Company v. Chmielewski, 206 Pa. 90; Bosquet's Estate, 206 Pa. 534; but aside from the admission of the appellants in their pleadings in the court below, if the question of the character of the trust had been there raised, the court would have been bound to hold that it was dry and passive. It is not to be saved as an active one on the ground of any necessity to protect a married woman or a spendthrift child, or to support contingent remainders, or to serve any other useful and lawful purpose. In Carson v. Fuhs, 131 Pa. 256, in construing a similar deed, we said what we now repeat: "The trustee in this case had no active duties to perform; it is a

passive, dry trust, with no interest to guard, no rights to protect." 'The conveyance to Mitchell is, therefore, as the court below correctly held in its opinion directing judgment for the plaintiffs non obstante veredicto, to be regarded as though it had been "made directly to Susan A. McCormick and the children of the said Susan A. McCormick on her body begotten and to be begotten by her husband, the said William A. McCormick, their heirs and assigns." The question, then, is, what estate did Mrs. McCormick take under the deed? If she took but a life estate, with remainder to her children, born and to be born to her said husband, William A. McCormick, the judgment of the court below must be affirmed, for the statute of limitations will not begin to run against the appellees until their right of possession accrues upon the death of their mother.

If the words "and the children of the said Susan A. McCormick" are words of limitation, the estate granted to her was an absolute one under the Rule in Shelley's Case, and the deed from herself and husband to Sarah Croup passed the fee; but these words are primarily of purchase, and not of limitation. To refer to the exhaustive learning in the innumerable cases in which this rule has been announced would be to assume that there are some in the profession who are still ignorant of it. It is sufficient to repeat what was said in Oyster v. Oyster, 100 Pa. 538: "The authorities are uniform that 'children' is as certainly a word of purchase as 'heirs of the body' are words of limitation: Guthrie's App., 37 Pa. 9; Taylor v. Taylor, 63 Pa. 481. This is the general rule, and the exceptions which from time to time have been recognized do not impair the rule itself. There are many instances in our State where 'children' has been held to be a word of limitation, but in all of them such construction was clearly in accord with the intent of the testators as gathered from the four corners of the will, as when 'children' has been used with 'heirs of the body' or 'issue' as its synonyms." There is nothing in

the deed in the present case which in any degree modifies, or tends to modify, the primary and presumptive meaning of the word "children," or to indicate that the appellees were to take by descent from their mother, as her heirs at law, and not as purchasers from their father. This being so, the judgment of the court below rests upon an unbroken line of cases with which the profession are so familiar that a citation of any one of them is hardly called for. The grant in Coursey v. Davis, 46 Pa. 25, was to a married woman, "Mildred Ann Davis, and her children exclusively, and their heirs and assigns, to have and to hold the premises to the said Mildred Ann Davis and to her children exclusively, and their heirs and assigns." In an elaborate and exhaustive opinion by Mr. Justice READ, in which he collated the authorities both in England and in this State, in order to ascertain the legal as well as the natural meaning of the words used to describe the relation of the mother and of the children, it was held that the words vested in her a life estate only, with remainder in fee to her children as a class, so that those in being at the date of the deed, as well as those subsequently born, would be entitled to take on the termination of the life estate at her death. In Wolford v. Morgenthal, 91 Pa. 30, decided some years later, and not to be distinguished in principle from the present case, the grantee in the deed was Margaret Morgenthal, a married woman, and the conveyance was "in trust for the use and benefit of Margaret Morgenthal and her heirs forever, that is, the children, if any, begotten by Frederick Morgenthal; and her daughter, Elizabeth Wire, is to be made equal, to be for them and their heirs forever after the decease of Frederick Morgenthal her present husband." The habendum was "for the use and benefit of the said Margaret Morgenthal and her daughter, Elizabeth Wire, and the children begotten by the said Frederick Morgenthal, if any, upon the body of the said Margaret Morgenthal, his wife." The question before the court was as to the es-

tate taken by Margaret Morgenthal and the children respectively, and it was held that the mother took a life estate, with the remainder in fee to the children as a class, and opened to let in those after born. The deed in Hague v. Hague, 161 Pa. 643, was to "Sarah Jane Hague and her children," and it was held that the grant was of a life estate to the mother with remainder in fee to the children as a class, which included those born after the delivery of the deed. In Crawford v. Forest Oil Co., 208 Pa. 5, the devise was to a son "and to his children," and the same ruling was made. Vide, also, Elliott v. Diamond Coal & Coke Co., 230 Pa. 423; Vaughan's Est., 230 Pa. 554. As the questions raised by the appellants have long been settled against them, the judgment is affirmed.